# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-CR-20103 |
| ) | |
| **KEITH HARRIS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the pro se Motion to Reduce Sentence (#25) filed by Defendant, Keith Harris. Defendant's Motion (#25) is DENIED.

## BACKGROUND

On November 7, 2007, Defendant was charged by indictment with the offense of knowingly possessing a firearm after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1). On December 22, 2008, Defendant pled guilty to this offense pursuant to a written plea agreement (#16). On April 3, 2009, Defendant was sentenced to a term of 96 months in the Federal Bureau of Prisons, to be followed by a 3 year term of supervised release.

## ANALYSIS

On August 19, 2011, Defendant filed a pro se Motion to Reduce Sentence (#25). Defendant asked this court to hold a re-sentencing hearing and reduce his sentence based upon Amendment 742 to the United States Sentencing Guidelines which eliminated the "recency" points assessed by U.S.S.G. § 4A1.1(e). Defendant is not entitled to the relief requested. Amendment 742 became effective on November 1, 2010, more than a year after Defendant was sentenced, and was not made

retroactive.  See United States v. Adams, 640 F.3d 41, 42 (1st Cir. 2011); Tolen v. United States, 2011 WL 37845, at *6 (N.D. Ill. 2011).  Accordingly, this court does not have the authority to modify Defendant's sentence.  See Abril-Amador v. United States, 2011 WL 2181310, at *1 (S.D. Cal. 2011).

IT IS THEREFORE ORDERED THAT Defendant's pro se Motion to Reduce Sentence (#25) is DENIED.

ENTERED this 24th day of August, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE